IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-128-FL

| | |
|---|---|
| LAWRENCE A. SUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-16 & 18). Plaintiff has responded to Defendant's motion (DE-21), and the time for filing any further responses or replies has expired. Accordingly, these motions are now ripe for adjudication, and have been referred to the undersigned for the entry of a Memorandum and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-16) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-18) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") on September 15, 2006 alleging that he became unable to work on April 23, 2001. (Tr. 21). This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"),

1

who determined that Plaintiff was not disabled during the relevant time period in a decision dated May 26, 2009. *Id.* at 21-20. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review on June 14, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 6-9. Plaintiff filed the instant action on August 5, 2011. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

Plaintiff was insured for DIB through December 31, 2002. (Tr. 23). A person must be insured for disability insurance benefits in order to be eligible for such benefits. 42 U.S.C. § 423(a)(1). *See also*, 20 C.F.R. § 404.315. Therefore, the inquiry is whether substantial evidence supports the ALJ's finding that Plaintiff's impairments were not disabling on or before December 31, 2002.

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from his alleged onset date though his date last insured. (Tr. 23). At step two, the ALJ found that Plaintiff suffered from the

3

following severe impairments: 1) degenerative joint disease (DJD) of the knee; 2) osteoarthritis; and 3) flat feet. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 24. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. *Id.* at 24, 29-30. Specifically, the ALJ found that:

> claimant had the residual functional capacity to lift and carry up to 5 pounds frequently and 10 pounds occasionally, and to stand and walk for up to six hours in an eight-hour work day, and to sit for up to six hours in an eight-hour work day. The claimant would be limited to no foot controls and no climbing, kneeling or crawling.
>
> *Id.* at 24.

The ALJ then determined that Plaintiff was unable to perform his past relevant work. *Id.* at 28-29. However, based upon the testimony of a vocational expert ("VE"), the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *Id.* at 29-30. Accordingly, the ALJ determined that Plaintiff was not under a disability from April 23, 2001 through December 31, 2002. *Id.* at 30.

The undersigned has reviewed the entire medical record and has determined that the ALJ's findings were supported by substantial evidence. Most notably, one of Plaintiff's treating physicians, Dr. Amanda Green, opined that Plaintiff was not disabled. (Tr. 26, 508). Specifically, Dr. Green noted that "[Plaintiff] brought disability papers with him . . . I could not . . . [indicate] that he was totally disabled as he appears to be able to do some job." *Id.*

Plaintiff lists a single assignment of error, namely, that "[t]he ALJ . . . violated Social Security Ruling [("SSR")] 06-03p by failing to properly weigh the disability determination of the [Department of Veterans Affairs ("VA") ]." (DE-17, pg. 8).

Specifically, on April 9, 2001 Plaintiff was given service connected disability benefits from the VA beginning March 1, 1998. (Tr. 130). This was temporarily increased to a 100 percent rating effective November 1, 1998, due to right knee surgery. *Id*. at 131. It was reduced to a combined 70 percent disability rating effective June 1, 1999. *Id*. In addition, Plaintiff was awarded entitlement to individual unemployability effective June 1, 1999. *Id.* at 134. However, it was also noted that Plaintiff did not "currently have a total service connected disability, permanent in nature." *Id.* at 131. Plaintiff was awarded these benefits based on medical reports dated May 20, 1999 through September 6, 2000. *Id*. at 134.

Notably, it appears that Plaintiff was engaged in substantial gainful activity at the time of the VA's April 9, 2001 decision. Plaintiff reported earnings exceeding the substantial gainful activity amounts for non-blind individuals in 1998, 2000 and 2001. *Id.* at 814. *See*, DE-19, pg. 4. *See also*, 42 U.S.C. § 423(d)(1)(A); 20 CFR § 404.1520(b).

Plaintiff filed a new claim for benefits with the VA on September 1, 2004, which was granted on February 3, 2005. (Tr. 142). This award was based on medical records dated January, 2003 through November 4, 2004. *Id.* at 143.

Social Security Ruling 06-03p states:

> Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

SSR 06-03-p; 2006 WL 2329939, *6-7.

The ALJ failed to mention the VA determinations in his decision. (Tr. 21-30). Plaintiff argues that these determinations must be considered, and therefore remand is required. (DE-17, pg. 8-9). In support of this argument, Plaintiff cites several decisions by this Court ordering remand when the ALJ failed to consider a "second agency" decision. (DE-17, pg. 9). *See*, Alexander v. Astrue, 2010 WL 4668312 (E.D.N.C. Nov. 5, 2010); Walton v. Astrue, 2010 WL 2772498 (E.D.N.C. July 9, 2010); Watson v. Astrue, 2009 WL 2423967 (E.D.N.C. Aug. 6. 2009); and Bridgeman v. Astrue, 2008 WL 1803619 (E.D.N.C. April 21, 2008). However, these cases are distinguishable. In Alexander, Walton, and Watson the disability determination by the second agency was made at a time relevant to the ALJ's decision. Likewise, in Bridgeman, the date of the second agency determination is unclear.

Here, it is clear that the VA decisions in question fall outside the relevant time period before the ALJ. The ALJ was assessing whether Plaintiff was disabled from April 23, 2001 through December 31, 2002. However, the VA decisions, and the medical records relied upon to reach them, do not relate to this time frame. (Tr. 130-136, 142-147). Thus, the VA determinations at issue here did not "have a bearing" on the ALJ's decision. SSR 06-03-p; 2006 WL 2329939, *6-7. *Cf.* Edwards v. Astrue, 2008 WL 474128, * 8-9 (W.D.Va. February 20, 2008)(Evidence is not material if it does not relate to the time period that was before the Commissioner). For this reason, Plaintiff's assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-16) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-18) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, July 12, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE