IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-128-FL

| | |
|---|---|
| LAWRENCE A. SUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 16, 18). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 22) wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objections to the M&R, to which defendant responded. In this posture, the issues raised are ripe for ruling.

**BACKGROUND**

On September 15, 2006, plaintiff filed an application for disability insurance benefits, alleging a disability onset date of April 23, 2001, with eligibility for disability insurance benefits running through December 31, 2002. A hearing was held before an Administrative Law Judge ("ALJ") on May 4, 2009. Plaintiff was represented by counsel, and a vocational expert ("VE")

testified. On May 26, 2009, the ALJ issued a decision denying plaintiff's request for benefits. The Appeals Council denied plaintiff's request for review on June 14, 2011. Plaintiff filed her complaint in this court on August 5, 2011, seeking review of the final administrative decision.

A detailed summary of the procedural and factual history of the case is found in the M&R. See M&R 3-5. Where plaintiff does not object to this portion of the M&R, the factual history of the case as set forth in the M&R is incorporated here by reference.

**DISCUSSION**

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any

2

explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from his alleged onset date (April 23, 2001) through his date last insured (December 31, 2002). The ALJ then found at step two that plaintiff had the following severe impairments: degenerative joint disease of the knee, osteoarthritis, and flat feet. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform a limited range of sedentary work with the following limitations: lift and carry up to 5 pounds frequently and 10 pounds occasionally, and to stand and walk for up to six hours in an eight-hour work day, and to sit for up to six hours in an

eight-hour work day, with no foot controls and no climbing, kneeling or crawling. The ALJ then found that plaintiff was unable to perform any past relevant work. However, at step five, upon considering plaintiff's age, education, work experience, and RFC, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform. The ALJ therefore concluded that plaintiff had not been under a disability from April 23, 2001 through December 31, 2002.

B.  Analysis

Plaintiff raises a single assignment of error in his motion for judgment on the pleadings, namely that the ALJ violated Social Security Ruling 06-03p by failing to discuss disability determinations by the Department of Veterans Affairs (VA). (DE-17 at 8). The magistrate judge determined that this argument was without merit because two VA disability decisions noted by plaintiff, and the medical records relied upon in reaching them, did not relate to the time period at issue here. (M&R 6). Accordingly, the magistrate judge determined that the ALJ was not required to consider these VA decisions in analyzing plaintiff's entitlement to Social Security benefits. (Id.). Plaintiff objects on grounds that the VA decisions in fact do relate to the time period in question here, and that under Social Security Ruling 06-03p and this court's precedent, the court must remand the case to the Commissioner to consider these VA decisions. (Obj. 1-3). For the reasons that follow, the court sustains plaintiff's objection, rejects the recommendations of the magistrate judge, and remands to the Commissioner for further proceedings.

The Social Security regulations provide that decisions by other governmental agencies as to whether someone is disabled are not binding on the Commissioner. See 20 C.F.R. § 404.1504. Nonetheless, under Social Security Ruling 06-03p, the Commissioner is "required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability,

4

including decisions by other governmental and nongovernmental agencies." SSR 06-03p, 2006 WL 2329939 *6. Accordingly, "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Id.

In three recent cases, this court held that ALJ decisions that fail to mention disability determinations by other governmental agencies must be remanded to the Commissioner for further consideration and explanation. See Alexander v. Astrue, 5:09-CV-432-FL, 2010 WL 4668312 (E.D.N.C. Nov. 5, 2010); Walton v. Astrue, 7:09-CV-112-D, 2010 WL 2772498 (E.D.N.C. July 9, 2010); Watson v. Astrue, 5:08-CV-553-FL, 2009 WL 2423967 (E.D.N.C. Aug. 6, 2009). As the magistrate judge and Commissioner point out, however, in each of those cases the disability determination fell within the time period of the claimed disability.[1]

In this case, by contrast, the magistrate judge determined that the ALJ was not required to consider the VA decisions because they were made on April 9, 2001 and February 3, 2005, where plaintiff is seeking Social Security disability benefits only for the time period between April 23, 2001 and December 31, 2002. The magistrate judge, however, did not cite to any Fourth Circuit decision distinguishing between VA decisions made during the disability period and those made outside of the disability period.

After the magistrate judge entered his recommendation, the Fourth Circuit issued an opinion that forecloses the approach recommended by the magistrate judge here. In Bird v. Commissioner, 699 F.3d 337, (4th Cir. 2012), the claimant alleged disability onset commencing in 2001 and ending on the last date insured, in March, 2005. Id. at 339. The claimant did not have any medical records dating during his claimed time period, but he did have a VA disability rating dated in June 2006, and

---

[1] In a fourth case, the date of the other agency decision is not specified in the court's order. Bridgeman v. Astrue, 4:07-CV-81-D(3), 2008 WL 1803619 (E.D.N.C. Apr. 21, 2008).

he had medical records from around the same time related to his VA medical examinations. Id. The claimant asserted that the ALJ erred in failing to accord adequate weight to the VA disability determination. Id. at 338. The Fourth Circuit agreed.

In reaching its holding, the Fourth Circuit recognized "[w]e have not previously addressed the precise weight that the SSA must afford to a VA disability rating," but noted that "under the principles governing SSA disability determinations, another agency's disability determination 'cannot be ignored and must be considered.'" Id. at 343 (quoting SSR No. 06–03p, 2006 SSR LEXIS 5, at *17; SSR 06-03p, 2006 WL 2329939 *6). Recognizing that the purpose and evaluation methodology of VA and SSA are "closely related," the court held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." Id. Further, the court held that, in that case, "the ALJ committed an error of law by failing to give appropriate weight to the VA rating decision on the ground that it became effective after" the claimant's disability onset date. Id.

In sum, based on Bird, the fact that the VA disability determinations in this case fell outside the claimed disability date range is not enough, in itself, to discredit the determinations. The ALJ did not discuss the VA disability determinations in this case in any respect, and it is impossible for the court to determine why the ALJ did not do so. While the government argues that the court need not remand because the failure to discuss the VA determinations is harmless error, the court disagrees that the error is harmless in this case. "Errors are harmless in Social Security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error." Christian v. Comm'r of Soc. Sec., 2:08CV00047, 2009 WL 2767649 *6 (W.D. Va. Aug. 25, 2009) (citing Camp v. Massanari, 22 Fed. Appx. 311 *1 (4th Cir. 2001)). Here, the Fourth Circuit made clear in Bird that a VA disability determination, even if outside of the claimed disability range,

6

is the type of evidence that must be considered, under Social Security Ruling 06-03p. As such, it is evidence that "may have a bearing on [the Social Security] determination or decision of disability." SSR 06-03p, 2006 WL 2329939 *6. Accordingly, because it "may have a bearing" on the Social Security determination, the court cannot conclude that failure to consider the VA disability determination is harmless error.

Moreover, while the government asks the court to evaluate the VA disability determination itself to decide whether it would, or would not, have any bearing on plaintiff's disability determination, it is not the province of this court to reweigh evidence that the ALJ must itself consider in the first place. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (court must "not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary").

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the magistrate judge's M&R to which specific objection has been made, the court SUSTAINS plaintiff's objection to the M&R and REJECTS the recommendation of the magistrate judge. The court GRANTS plaintiff's motion for judgment on the pleadings (DE # 16), DENIES defendant's motion for judgment on the pleadings (DE # 18), and REMANDS this matter to the Commissioner for proceedings in accordance with this order. The clerk is directed to close this case.

SO ORDERED this the 7th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge