IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-128-FL

| | |
|---|---|
| LAWRENCE A. SUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for time spent in pursuing a claim for disability benefits. (DE 27). Defendant responded in opposition, and plaintiff replied. In this posture, the matter is ripe for disposition. For the following reasons, the court denies plaintiff's motion for attorney's fees.

## BACKGROUND

On September 15, 2006, plaintiff filed an application for disability insurance benefits, alleging a disability onset date of April 23, 2001, with eligibility for disability insurance benefits running through December 31, 2002. A hearing was held before an Administrative Law Judge ("ALJ") on May 4, 2009. Plaintiff was represented by counsel, and a vocational expert testified. On May 26, 2009, the ALJ issued a decision denying plaintiff's request for benefits. The Appeals Council denied plaintiff's request for review on June 14, 2011. Plaintiff filed his complaint in this

court on August 5, 2011, seeking review of the final administrative decision. Plaintiff raised a single assignment of error in his motion for judgment on the pleadings, namely that the ALJ violated Social Security Ruling 06-03p by failing to discuss disability determinations by the Department of Veterans Affairs (VA). (DE-17 at 8). The court referred the matter to a magistrate judge for a memorandum and recommendation (M&R).

The magistrate judge determined, consistent with arguments raised by the government in its motion for judgment on the pleadings, that plaintiff's argument was without merit because the two VA disability decisions noted by plaintiff, and the medical records relied upon to reach them, do not relate to the claimed period of disability. (M&R 6; Gov. Mot. J. at 4-7). Accordingly, the magistrate judge determined that the ALJ was not required to consider these VA decisions in analyzing plaintiff's entitlement to Social Security benefits. (M&R 6). Plaintiff objected to the M&R on grounds that the VA decisions in fact do relate to the time period in question here, and that under Social Security Ruling 06-03p and this court's precedent, the court must remand the case to the Commissioner to consider these VA decisions. (Obj. 1-3). By order dated February 7, 2013, the court sustained plaintiff's objection, rejected the recommendations of the magistrate judge, and remanded to the Commissioner for further proceedings.

Plaintiff filed the instant motion for attorneys fees on March 15, 2013. Defendant responded in opposition on April 3, 2013, arguing that its position was substantially justified, and plaintiff replied.

## DISCUSSION

In a civil action brought by or against the United States, including proceedings for judicial review of an agency action, the EAJA provides that "a court shall award to a prevailing party other

than the United States fees and other expenses . . . incurred by that party . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); see also Guthrie v. Schweiker, 718 F.2d 104, 107-08 (4th Cir. 1983) (holding that the EAJA applies to cases seeking district court review of social security benefits decisions).

The Supreme Court has held that a claimant who obtains a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party for the purpose of awarding attorney's fees under EAJA. See Shalala v. Schaefer, 509 U.S. 292, 300 (1993). Here, plaintiff obtained a remand under sentence four of 42 U.S.C. § 405(g). (See February 7, 2013 Order). Thus, plaintiff is a prevailing party.

The EAJA states that a prevailing party can receive attorney's fees in a civil action unless the position of the government was substantially justified. See 28 U.S.C. § 2412(d)(1)(A). The government's "position" encompasses both the prelitigation conduct and the subsequent litigation position. Crawford v. Sullivan, 935 F.2d 655, 656-57 (4th Cir. 1991). "[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner is prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993).

The government's position is "substantially justified" if it was "justified to a degree that could satisfy a reasonable person" and has a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Whether the government's position is substantially justified is left to the discretion of the court. Id. at 557. The intent behind the EAJA is to "penalize unreasonable behavior on the part of the government without impairing the vigor and flexibility of

3

its litigating position." United States v. B&M Used Cars, 860 F.2d 121, 124 (4th Cir. 1988) (quoting Pullen v. Bowen, 820 F.2d 105, 107 (4th Cir. 1987)). The government has the burden of showing substantial justification. See Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992).

In this case, the government was substantially justified in arguing that the ALJ was not required to consider the VA disability determinations, for the reasons stated by the magistrate judge in the M&R. Prior to Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012), which was decided after the M&R was submitted and the time period for objections had passed, the law in this Circuit was less settled regarding whether the ALJ was required to consider the VA disability decisions, where neither decision fell within the time period of the claimed disability. The magistrate judge and the defendant reasonably distinguished on this basis prior cases remanding to the Commissioner on the basis of disability decisions falling within the time period of disability. See Alexander v. Astrue, 5:09-CV-432-FL, 2010 WL 4668312 (E.D.N.C. Nov. 5, 2010); Walton v. Astrue, 7:09-CV-112-D, 2010 WL 2772498 (E.D.N.C. July 9, 2010); Watson v. Astrue, 5:08-CV-553-FL, 2009 WL 2423967 (E.D.N.C. Aug. 6, 2009).

While plaintiff argues that the "issue in this case was settled" before Bird, (Reply at 1) plaintiff does not cite, and did not cite in his briefs on motion for judgment on the pleadings, any Fourth Circuit case addressing as squarely as Bird the requirement to consider VA disability decisions made outside the time period of a claimed disability. In sum, prior to Bird, arguments supporting *either* remand or affirmance could be made, and were advanced, which had a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Accordingly, the government has met its burden of showing substantial justification, and plaintiff's EAJA motion must be denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA (DE 27) is DENIED.

SO ORDERED this the 9th day of April, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge